which brings us to Carter v. City of Alton, 5-24-0249. Same parties. You may proceed. Thank you, Your Honor. Again, morning. May it please the Court, Counsel. Again, I'm Donna Polinsky for the appellants. This is a similar case, a very similar case to the previous argument regarding Carter v. City of Alton. The City of Alton also has an ordinance which charges a fee to individuals who are arrested for, in this particular case, DUIs, driving under the influence of alcohol. The ordinance provides that they have the authority to impound vehicles pursuant to the ordinance and that when a motor vehicle is operated by someone who is charged with this offense, shall be subject to seizure removal and impoundment. And then this ordinance lists the felonies in this particular section. I should back up. There are two sections to this ordinance regarding fees. There's a higher fee which is when there's a commission of a felony and a lower fee when it's a misdemeanor. But again, the charges can be possession of controlled substance, weapons violations, DUIs, etc. The trial court's order granting the motion to dismiss is, again, in three main sections. The rational relationship argument, the substantive due process argument, and the voluntary payment section. The court, again, in this order, in that rational relationship or facial challenge, cites Leahy v. City of Carbonell. This case is distinguishable from this in a couple of ways. The court found, first, that there was a legitimate purpose for this fee and there is a reasonable relationship to the actual cost that it is intended to recoup. The city argued that because of Leahy, the trial court in this case should uphold the city's ordinance. The court agreed. The problem is twofold. The ordinance is factually different, which I'll get to in a second, and this is a motion to dismiss. The city filed a motion to dismiss. The trial court granted it. Leahy dealt with a trial where evidence was adduced, witnesses were sworn, testimony taken, documents were authenticated and either admitted or denied by the court. It should be noted that in this court's opinion in Leahy, the court went through in detail the facts that were elicited at trial in its decision to uphold the city's ordinance. That did not happen here. There was no factual detail that the trial court could look at. The trial court couldn't look at the authenticity of the studies. And in this particular case, I'm guessing the city will argue that there were two studies made. And I'm going to jump right to there because there were two studies that they have provided in this case. The first study has been made by someone who has never been identified. In fact, counsel, at least last I heard, counsel does not know who that individual was that drafted that study. There's a second study that relies on the first study that basically they're bootstrapping that second study in saying the first study is valid because we did the second study. But again, those studies, based on Rule 901, it has not been authenticated. And authenticated doesn't mean that, okay, we've got to believe it. Authenticated just means it's admissible as evidence at trial. And then it would be up to the trier of fact to determine the credibility of that document and whether it applies, whether parts of it apply, whether none of it applies. None of that has been done here since there hasn't been a trial, and it's a motion to dismiss. The second reason that Leahy is distinguishable is because of the plain language of the ordinance. The, I believe it was the Supreme Court, Henricks v. Board of Trustees, which is cited in the brief, states that if the language of an ordinance, well, this was a statute, if an ordinance is clear and unambiguous, it must be applied as written without resorting to further aids of statutory interpretation. The city of Alton's ordinance, as I read earlier, is for towing and impoundment of vehicles. Nowhere in it does it state, and I don't see how you can conclude, that what they meant was for investigation, for, what was theirs, arrest, detention of offender, removal, impoundment, storage, et cetera. And in their brief, they add to that. They add to even what's in the city of Carbondale's ordinance, detainment of passengers, subduing the arrestee or potentially passengers. I struggle to find where the ordinance can begin to interpret that. The costs associated with the arrest of someone in a vehicle are virtually the same as someone who is not in a vehicle, yet someone who is charged with possession of drugs, but they weren't in his pocket when he was sitting in the front seat of a car, doesn't pay that $300 in order to proceed with his case or then have to file for an administrative hearing or anything like that. It's only if the person were in a vehicle. And it should be noted, it's not even distinguishable in the ordinance whether you have to be driving. Now, under our theory, we're premising mostly on the driving while intoxicated or under the influence, and of course you have to be driving. But if you're charged under this ordinance, it doesn't state whether you have to be driving or whether you're a passenger in the vehicle, can you be charged that $300 fee because you were in a vehicle. So there's many questions in this ordinance as well as in the City of Edwardsville's ordinance as to why we can interpret so many different things when the plain language of the ordinance states towing and empowerment of vehicles. We believe that the trial court in this case resorted to further aids of statutory interpretation as well as facts outside the complaint. The unauthenticated study, for instance, a motion to dismiss is based on the complaint, not outside facts that although affidavits can be attached, again, it goes back to the argument that that document was not authenticated. And again, the trial court didn't address the fact that other, it was addressed in our brief that for other offenses, this charge, similar offenses, this charge is not imposed on individuals. And again, in Carter, the court stated many of the cost defendants point to in support of their stating that the ordinance is valid or incurred in handling any arrest, except those charges aren't forced in those arrests. Carter also indicated, the first Carter v. Alton, that the court is not, I'm sorry, the plaintiffs are not required to prove their case to survive a motion to dismiss. Even if a defendant has some evidence of their position, that's not something that can be determined at a pleading stage. That evidence is elicited at trial or a further stage of pleadings. Second is the substantive due process argument. The trial court stated that because there's administrative remedies available in the ordinance, their claim fails. Again, Carter already determined this by stating that the only affirmative matter asserted in the motions to dismiss was the allegation that plaintiffs have failed to exhaust their administrative remedies before challenging the validity of the ordinances. Because the plaintiffs clarified that they were challenging the ordinances on their face, they are not required to do so. And other circuits have found that a plaintiff's not required to exhaust administrative remedies when bringing a constitutional claim. That's also, that the ordinance on its face is also supporting plaintiff's argument because that provides the owner with the ability to contest the probable cause of the seizure of the vehicle. Whether or not the officer had probable cause to pull him over for a DUI, whether or not the officer had probable cause to call the towing company and say, hey, we need you to tow this vehicle. Not whether or not this is a substantive due process violation. The only redress that the person has, according to what the trial court found and counsel argues, is that they have one section of the ordinance, Section H, states that they can file for an administrative hearing, forget the number of days they have to do so, to file that with the city to address that. The hearing can be held within 45 days. And during that time, if someone, if I'm arrested for DUI, my car is sitting in the impound lot getting charged daily. Not only am I paying the city 300, I'm sorry, 500 for the city of Alton, if I don't do that, that's still owing and accruing. And the towing fee is still there, as well as the day-to-day-to-day-to-day charge that the impound lot is charging. There is no other recourse for an individual but to pay the city, take the piece of paper they're given from the city, which I anticipate that counsel will argue that the piece of paper, he doesn't know where we're coming up with this, writing a receipt is the basis of the ordinance. The ordinance doesn't state the purpose of this is to write a receipt. The purpose is for towing and impoundment of vehicles. The section of the ordinance states that the person must go to the city and write a check and pay the city this amount of money before they can have their vehicle released to them. So that's where we get, we've made it not a formal, but basically a casual way of saying, yeah, they're writing a receipt and that's what they're doing in this ordinance. Sorry, I got ahead of myself there, Your Honor. With this, with that paying of that fee, that goes into the voluntary payment argument that the court stated that because there is that provision in the ordinance, the voluntary payment doctrine applies. They're forced to do this. Unless they want to incur thousands and thousands of dollars, potentially more than their vehicle is worth, and unfortunately in these cases a lot of times that is the fact, they have to go and pay the city the 500. Then they have to go and pay for the release of their vehicle. They have that certain number of days to file that administrative request for the probable cause, basically the probable cause hearing on whether or not they should have had been pulled over, whether the officer had probable cause to seize their car. If the person is found not guilty of the DUI down the road, his timeframe to file for that administrative hearing is done and he is out the money. And he has no redress unless he decides within that first 10 days, I'm going to win this DUI and I'm going to go and challenge it. There isn't anything in that ordinance that says if you don't believe that this is a, that if you believe your substantive due process rights are violated, you can challenge this ordinance. So for those reasons, I don't believe the voluntary payment doctrine applies, nor does the substantive due process argument raised by the city can be upheld. The trial court's decision is clearly in error on that. Are there any questions thus far? Because I'm going to move on to the previous motions. Okay. It should be noted that in October of 19, the city filed a motion to dismiss, I believe it was the third amended complaint, and the plaintiffs filed their response. The trial court on September 8, 2022, entered the order denying the motion to dismiss. The city chose not to appeal that. I believe, quite frankly, that that order must have just fell through the cracks because then the process started on this amended motion, or amended complaint that the plaintiff had already filed, and the motion to dismiss is virtually identical. They switched up some of the sections of it and moved some things around, but other than the portion that addresses the plaintiff's narrowing of their class, it's identical, and that should stand. The trial court should have never granted the motion to dismiss based on the exact same argument that was made in the previous motion to dismiss. Courts have held that plaintiffs can certify their class any way that complies with Section 2-801. A careful reading of the complaint shows that they narrowed the class to make a more concise, defined body of class participants. Case law that's cited in the brief states that plaintiffs can certify, I'm sorry, can form their class any way they see fit, and trial courts, if they see that there might be different arguments or different elements of proof, can make subclasses of individuals. They can separate the class for different trials based on those facts. A class certification is not the purview for a motion to dismiss. That is a motion for class certification, which was pending at the time that the trial court denied or granted the motion to dismiss. That was never addressed by the trial court in any order whatsoever, except I should note that all previous motions for class certification were granted. If there are no other questions? Okay. Thank you. Good morning again. Good morning. Can I start before I even let you start? I'm going to start before I even let you start. Yes, you are. Okay. Let's assume that you're defending. How do you preserve? Because, you know, I've never seen a DUI go to trial before in 45 days. How do you preserve the 45 days? Is there a way to do that? Well. Are you just going to, no matter what, if the state or the city doesn't want to go to trial, you know, they can keep going, you know, it goes. I do not believe that the fact that there is a criminal case pending necessarily influences the decision in the administrative hearing. I'm not saying the decision. I'm saying the start for the 45 days, which is strictly like. Right. The owner who is offended by this ordinance would file and request a hearing within 45 days. That's fairly typical. Now, that hearing may be scheduled very quickly, may not. Usually not. But the standard in that hearing will be a preponderance of the evidence, not a beyond a reasonable doubt. So the criminal case, let's say you had a situation of a criminal case going on that is not able to be proved beyond a reasonable doubt, that would not necessarily be determinative anyway of what's going on in the administrative hearing. I understand that. But I'm worried about statute of limitations type questions. Well, the only statute of limitations that is actually applicable here is you have to request the hearing. Okay. And it has to be after, you know, you usually would try it after the criminal case. Certainly. And that might be a motion that a person interested in that position would take. He would file a motion in administrative authorities saying, I would like to wait until this criminal case gets resolved. If I'm advising that body, I'd probably say, go ahead, wait. So then what you're mainly, the defense attorneys, then what they're going to have to do is file a motion immediately to extend until there's something figured out on the criminal case. They could. That might be the reason they want to try to bring their motion. Maybe not. Well, it's hardly worth the time, but I mean. Yeah. I would point you to a similar situation when you, hopefully not you, when one receives a DUI citation, you have in the statute of Illinois certain time limits when you are supposed to request a hearing on whether there's a probable cause or not. That hearing has to be requested. You can request that hearing, but in the meantime, if you don't request that hearing, yeah, you're going to lose your driver's license, whether you're convicted at the end of the process or not. So it's a sort of a similar thing. And I don't do criminal law, but I believe the hearing on whether there was probable cause or not, well, I have to admit, I don't know the standard. Is that beyond reasonable doubt to determine whether there was probable cause or is it back to a preponderance of the evidence? I don't know at this time. I don't either. What I want to start with again is what's the ordinance we're now talking about of the city of Alton? And hoping no prejudice to my client Edwardsville, I will say the Alton ordinance is a little better. It's a little closer to the Carbondale ordinance. It provides that the city is attempting to retrieve, quote, a portion of the resources expended in the towing and empowerment of motor vehicles made necessary or appropriate by concern about the condition of the driver or because of the involvement of the motor vehicle with certain criminal charges. And again, the only one who presumably has an interest to make sure they retrieve the car is the owner. The ordinance refers to the owner coming in and paying the money. That, I know the case out of Chicago, I can't recall, I think it's Jackson, that was a big issue there. A nice mother, her son, I think, or some relative took the family car, drove around with either weapons or drugs, and the owner was told, if you want to get your car out of empowerment, it's $2,000. And she said, well, I didn't know he was going to do that. I didn't know he was going to be running around in criminal activity. The appellate court said, too bad. You entrusted the car to this guy. Apparently he had a propensity. You are the one we're going to look to to pay us back some of the costs incurred by the city in this situation. A few other points I wanted to respond with. There's been not a good distinction between a 615 motion and a 619 motion. The 619 motion is what is supported by the affidavits in the Edwardsville case of the city attorney and the Alton case by two different studies. There was an independent company hired back in 2009 or 11 whenever that ordinance was being considered. I believe it was called Millennium. And they helped themselves out as some sort of professional efficiency type firm. There's a nice big report with a nice fancy binder. That company is no longer in business. So that's why we can't find them. We don't know exactly who, where, whoever conducted the study. The other study was done by a police officer, a captain in the Alton Police Department. Basically confirmed what the first study said. He is still in the area. He's retired but could be found. But I want to point out we submitted those affidavits, those studies in support of a 619 motion. This case has been going on for years. There's been nothing presented contrary to that, those studies or opinions. Furthermore, the court can find a rational basis for the city alderman in adopting this ordinance based on studies that might ultimately later even be proven wrong. That's okay. They had a rational basis for what they did. They had a study that said it takes X amount of hours of man time to deal with these situations. X amount of man time equals so many dollars. Exactly what department they went through. And whether that's wrong or right is not within the province of the court, trial court or public court. That's a legislative decision. Did they have a rational basis? Yes, they did. Depending on which side you want to listen to, they either had Trump as an expert witness or Biden as an expert witness. If either one is an idiot, it doesn't matter, they had an expert witness. It's a rational basis. And yes, I think I've already pointed out, you can have your license suspended in a DUI even if you later are acquitted of the underlying offense. Let's get to that point of plaintiff had a third amended complaint. Before that was acted upon by the trial court, he filed a fourth amended complaint. Ultimately, the court dismissed the third amended complaint. One of the reasons might be because he had filed a fourth amended complaint. The fourth amended complaint is where he did say, I want to take certain people who were affected by this ordinance out of my class. Because those people might lend a conclusion that the ordinance was constitutional. Well, if the ordinance is constitutional under any circumstance, for any individual, it's constitutional. We argued to the trial court, he has admitted there are circumstances where it would be constitutional. He didn't really admit that, but that was the import we took from his effort to say, I'm taking some of these people out. The court never ruled on that, it never came up for a decision. Talking about the Carter case, that case was actually appealed because it had been dismissed by Judge Chapman in Madison County. Largely because of failure to exhaust administrative remedies. That is not why we're here now, it's a different basis. Additionally, the decision in the Carter case ultimately comes down to it was remanded back to circuit court for discovery. That to me seems confusing because if it's a purely facial challenge to the constitutionality of a given statute or ordinance, what discovery can you do? Can we, you know, was it, I think it was a confusing situation. If it was down to just facial challenge, I don't know what discovery would be done. You can't, you know, can we discover every potential hypothetical? No. Here we are today because the fundamental argument remains of the plaintiff that there's no rational basis for the fee. There's no purpose accomplished by the municipality and the fee is excessive. If the purpose is to recover for merely writing a receipt, they argue the fee is excessive. Yes it is. We argue that's not why the ordinance was adopted. To give that ordinance that meaning, that interpretation as judicial construction renders the ordinance absurd. It would not be that. It is to recover a portion of the expenses expended in the towing and impounding of motor vehicles made necessary or appropriate by concern and the illusion of the driver or because of the involvement of the motor vehicle with certain criminal charges. I did have a note on the voluntary payment. Voluntary payment doctrine has been involved in other situations such as utilities that if you don't pay they turn you off. The court did not find duress merely because a customer might lose the electricity. Even in the winter or the summer, you don't have your utilities to your house, you still got to pay first and then you can go argue. The court should not find duress by the fees charged by a third party such as the tow company. You can pay the $300 and unless you pay the tow company what they want, you don't get your car back. That doesn't involve the city at all. The city does not get involved with how much did the tow company charge, what's the daily storage fee. The city cannot be held accountable for any duress caused by your problems with the tow fee company or the storage. It was not caused by the city other than we had presumably reason to have your car towed and stored. If you don't think so, there's an administrative remedy available to you. Your honors, I think that concludes my thoughts. I won't rehash the arguments that are in the brief very extensively on a facial challenge, the presumption of validity, the extreme burden that a person bringing a facial challenge must meet. We certainly don't think they meant it unless you adopt their interpretation that the purpose of that ordinance was limited to collecting a fee for issuing a receipt. The purpose of that ordinance was to recover the cost incurred by the municipality in dealing with a situation of certain criminal conduct using an automobile that requires towing and impoundment. Thank you. The probable cause hearing for a DUI is somewhat different than a probable cause hearing in this case. This is for the reimbursement of $300 because there wasn't probable cause for the arrest, etc. Probable cause hearing in a DUI is separate from the criminal case but also ancillary to that criminal case. That basically determines the summary suspension hearing, which is also part of the probable cause hearing, whether or not there was reason to pull them over. Secondly, whether or not they're going to lose their license for a year or try to obtain a restricted driving permit. Irrelevant as to whether or not this particular ordinance with this particular language is valid. Whether it is rationally related, if the language of this ordinance is rationally related to the purpose that it was intended. I won't agree that the purpose was to recoup all the costs that they'd like to add into it. But if that, again, if that is the case, it's not in here like Carbondale did. Maybe they should have amended it after Carbondale amended theirs. The case law that's on this, let's strike that. This ordinance I don't believe is any better than the City of Edwardsville's ordinance. I believe it's almost, it's much lengthier, but it says the same thing. The provisions are similar. The charges are similar. Council stated that the studies showed that it was for all of the investigation and things that go into the DUI. There's investigation into any criminal offense. But again, without that vehicle next to you, you're not charged this fee. Council stated that although it's not specifically stated in the record that plaintiff's counsel admitted that they would be defeated by the persons that were removed from the class. That's been argued in the brief and that's been argued by trial counsel. It completely misstates the petition. It completely misstates the argument. We believe that was intended to mislead the trial court, which it clearly did because the trial court merely adopted the language, the exact language that the city used in their motion to dismiss. Plaintiffs did not modify their complaint because of the class might be dismissed. They narrowed the class so that the court would have a clear, defined, narrow class with which to submit to a jury. There would be less confusion because of the number of charges that can be involved in this ordinance. The charges that are not involved in this ordinance. But there was never any admission whatsoever. I believe the mistake of trial counsel was to say, yeah, they could, they might, they're going to argue this, so we're going to nip it in the bud and address it and say this is why we did that. Counsel stated that we're not here because of administrative remedies that's already been decided in Carter. But that's the bulk of their substantive due process argument and their voluntary payment argument. And finally, I believe he was quoting I.V. Jackson, which was part of the first Carter, one of the many cases in the first Carter decision. And that dealt with a fine. If it is that case, I believe that one dealt with a fine, not a fee, which would make that distinguishable from here. Thank you. Thank you, counsel. We will take the matter under advisement if you're willing to do so. That concludes our oral argument session for today. Court will be in recess until tomorrow morning at 9 a.m.